IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERNEST SPILLER, No. 04853-025, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>JAMES CROSS, )<br>)<br>Respondent. ) | CIVIL NO. 11-cv-257-DRH |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge his August 2000 conviction and sentence in this Court. Following a jury trial, petitioner was convicted of two counts of distribution of crack cocaine (Counts 1 and 2), maintaining a crack house (Count 3), possession of a firearm (Count 4) in furtherance of the drug trafficking crime charged in Count 3, and possession of a firearm by a convicted felon (Count 5). Petitioner was sentenced to a total of 352 months' imprisonment. Of that total, 60 months was for Count 4, possession of a firearm in furtherance of a drug trafficking offense, and this 60 months was to be served consecutively to the concurrent sentences for the other four counts. *See*

18 U.S.C. § 924(c)(1)(A)(i).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

**Background**

On direct appeal from his conviction, petitioner argued that the Court improperly admitted hearsay evidence in the form of handwritten ledgers of drug transactions; that the Court erred in its determination that the quantity of drugs sold exceeded 1.5 kilograms; that the sentence imposed violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and that the Court should have granted a downward departure where the sentence exceeded petitioner's life expectancy. Petitioner's conviction and sentence were affirmed on appeal. *United States v. Spiller*, 261 F.3d 683 (7th Cir. 2001).

In April 2002, petitioner filed a motion pursuant to 28 U.S.C. § 2255. In it he again raised the *Apprendi* argument rejected on direct appeal, as well as an ineffective assistance of counsel argument and a claim that the three weapons

found in his home were never proven to have been used in relation to the trafficking offense. The § 2255 motion was denied on September 11, 2003 (Doc. 4, p. 3-4, in Case No. 02-cv-312). In rejecting the weapons argument, this Court noted that Petitioner could have raised the issue on direct appeal but failed to do so. *Id.*

Next, on April 1, 2004, Petitioner filed a motion to correct sentence in the original criminal case, pursuant to Federal Rule of Criminal Procedure 47 (Doc. 95 in Case No. 99-cr-30120-WDS). Petitioner argued, based upon the holding in *United States v. Booker*, 543 U.S. 220 (2005), that his sentence was improperly extended based on facts that were not presented to a jury (*See* Doc. 99, Case No. 99-cr-30120). This Court denied the motion on March 2, 2005, finding that the nature of the relief being sought fell under § 2255, and that the Court was without jurisdiction to consider the matter because petitioner had not sought or been granted leave to file a second § 2255 motion. Petitioner appealed this denial without success, then sought recall of the mandate and again appealed the denial of that request. The Seventh Circuit remanded the matter on July 18, 2008, with instructions to dismiss petitioner's motion for lack of jurisdiction because it was not properly brought under § 2255 (Doc. 118, Case No. 99-cr-30120).

On September 10, 2008, petitioner filed another motion in the criminal case (Doc. 120), seeking retroactive application of the new crack cocaine sentencing guidelines to his case pursuant to 18 U.S.C. § 3582. That motion is still pending.

Finally, petitioner filed the instant action on April 1, 2011. He claims that he is actually innocent of the crime (Count 4) of possessing a firearm "in furtherance of" a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A), because the jury instructions did not use the same wording as was used in petitioner's indictment. He further argues that, pursuant to *United States v. O'Brien*, 130 S. Ct. 2169 (2010), § 924(c) as properly interpreted requires each element of a crime to be both charged in the indictment and proved to a jury beyond a reasonable doubt. This principle was violated, he claims, when the jury was instructed that Count 4 charged petitioner with possessing a firearm "during or in relation to" the drug trafficking crime (Doc. 1, p. 6-7).

## **Discussion**

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy usually supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua v. Kindt,* 951 F.2d 126, 129 (7th Cir. 1991); s*ee also Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994) ("[A] prisoner who challenges his *federal* conviction or sentence cannot use [§ 2241] at all but instead must proceed under 28 U.S.C. § 2255." (emphasis in original)). However, a petition challenging the conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective.

Petitioner contends that he is one of those for whom the § 2255 motion is inadequate or ineffective to test the legality of his detention. However, the fact that petitioner may be barred from bringing a successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. An inmate who has had the opportunity for one round of review under § 2255 may only file a second or successive § 2255 motion by first obtaining leave by certification of the appropriate court of appeals that his motion meets one of the listed criteria. 28 U.S.C. § 2255(h). This limitation alone does not render § 2255 an inadequate remedy. *In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998) (Section 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

In *Davenport*, the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The court stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as *having been imprisoned for a nonexistent offense*." *Davenport,* 147 F.3d at 611 (emphasis added). The Seventh Circuit clarified this standard, stating that "actual innocence" is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v.*

*Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime due to some subsequent change in the law as contemplated by the *Kramer* court. Nor does petitioner have any newly discovered evidence to present. Instead, petitioner asserts that he was unlawfully convicted and is "actually innocent" of the crime of possessing a firearm "in furtherance of" a drug trafficking crime because the jury instructions did not use these exact words as stated in the indictment (Doc. 1, p. 6-7). According to petitioner, the jury was instructed as follows:

> "To sustain a charge of possessing a firearm *during or in relation to* a drug trafficking crime as charged against the defendant in count 4, the government must prove the following propositions - first, that the defendant committed a crime of maintaining a place for the purpose of manufacturing, distributing or using a control[led] substance as charged in Count Three; second, that the defendant knowingly possessed a firearm *during and in relation to* that crime. . . . Although Count Four charges that the defendant knowingly possessed three firearms *during and in relation to* the drug trafficking crime, the government need only prove beyond a reasonable doubt, that the defendant, on or about July 2nd, 1999, knowingly possessed any one of these firearms *during and in relation to* the drug trafficking crime."

(Doc. 1, p. 7-8) (emphasis added).

The statute under which petitioner was charged states:

"[A]ny person who, *during and in relation to* any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, *in furtherance of* any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
(i) be sentenced to a term of imprisonment of not less than 5 years[.]"

18 U.S.C. § 924(c)(1)(A)(I) (emphasis added).

The legal theory petitioner advances, that his conviction was flawed because the jury instructions were not identical to the language in petitioner's indictment, is not based on any new rule of statutory construction announced in *O'Brien*, but is simply based on a comparison of the language used in his indictment with the wording of his jury instructions. This argument could have been brought on direct appeal or in petitioner's original § 2255 motion, and therefore, did not evade review through some structural flaw in the § 2255 procedure. In fact, it appears that one of the issues petitioner unsuccessfully raised in his § 2255 motion, the claim that the three weapons found in his home were never proven to have been used in relation to the trafficking offense, overlaps with the jury instruction argument raised in the instant action. Because this theory could have been raised in a § 2255 motion, review under § 2241 is not permissible.

Moreover, petitioner's assertion that the Supreme Court in *United States v. O'Brien*, 130 S. Ct. 2169 (2010), announced a new rule of statutory construction that post-dates his ability to raise the issue in his § 2255 motion is unavailing. The Court in *O'Brien* held, in accordance with *Apprendi*, that a defendant's use or possession of a machine gun in connection with a crime was an element of the offense that must be proven to a jury beyond a reasonable doubt, not a sentencing factor that could be found by the judge. *O'Brien*, 130 S. Ct. at 2175-80; *see also* 18 U.S.C. § 924(c)(1)(B)(ii). In petitioner's case, all elements of his offense were

18 U.S.C. § 924(c)(1)(A)(I) (emphasis added).

The legal theory petitioner advances, that his conviction was flawed because the jury instructions were not identical to the language in petitioner's indictment, is not based on any new rule of statutory construction announced in *O'Brien*, but is simply based on a comparison of the language used in his indictment with the wording of his jury instructions. This argument could have been brought on direct appeal or in petitioner's original § 2255 motion, and therefore, did not evade review through some structural flaw in the § 2255 procedure. In fact, it appears that one of the issues petitioner unsuccessfully raised in his § 2255 motion, the claim that the three weapons found in his home were never proven to have been used in relation to the trafficking offense, overlaps with the jury instruction argument raised in the instant action. Because this theory could have been raised in a § 2255 motion, review under § 2241 is not permissible.

Moreover, petitioner's assertion that the Supreme Court in *United States v. O'Brien*, 130 S. Ct. 2169 (2010), announced a new rule of statutory construction that post-dates his ability to raise the issue in his § 2255 motion is unavailing. The Court in *O'Brien* held, in accordance with *Apprendi*, that a defendant's use or possession of a machine gun in connection with a crime was an element of the offense that must be proven to a jury beyond a reasonable doubt, not a sentencing factor that could be found by the judge. *O'Brien*, 130 S. Ct. at 2175-80; *see also* 18 U.S.C. § 924(c)(1)(B)(ii). In petitioner's case, all elements of his offense were

presented to the jury, and the jury found him guilty of each one. Petitioner's sentence was imposed on that basis, and no *Apprendi* violation occurred.

It would have been procedurally correct for Petitioner to have raised his claims in a § 2255 motion, and there was no impediment preventing petitioner from doing so. Section 2255 thus does not prove to be an inadequate remedy for petitioner's claims, and under *Davenport*, he cannot raise the claims under § 2241.

Therefore, § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:** October 13, 2011

Digitally signed by David R. Herndon
Date: 2011.10.13 11:16:32 -05'00'

**Chief Judge**
**United States District Court**